UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YURI Y. CABALLERO, | ) |
| | ) |
|     Plaintiff, | )     C.A. No.: 20-11489 |
| | ) |
| v. | ) |
| | )     FIRST AMENDED COMPLAINT |
| | ) |
| OCEANS FLEET FISHERIES, INC., | ) |
| BLUE HARVEST FISHERIES, LLC | ) |
| and OCEAN GOLD, INC. | ) |
| | ) |
|     Defendants. | ) |

## PARTIES

1. Plaintiff **Yuri Y. Caballero** ("Caballero") is a resident of Houston, Texas who, at all times relevant to this Complaint, was an employee of Defendants Oceans Fleet Fisheries, Inc., Blue Harvest Fisheries, LLC, and/or Ocean Gold, Inc. Caballero was employed by the Defendants, served as a Jones Act seaman, and was an assigned member of the crew aboard the *FV Ocean Gold,* a vessel owned, operated, or controlled by the Defendants at all times relevant to this Complaint.

2. Defendant **Oceans Fleet Fisheries, Inc.** is a Massachusetts corporation with its principal place of business in New Bedford, Massachusetts who, at all times material to this Complaint, employed Plaintiff and owned, operated and/or controlled the vessel *FV Ocean Gold*. Defendant Oceans Fleet Fisheries, Inc. may be served by and through its Registered Agent Lars Vinjerud, II, 20 Blackmer St., New Bedford, MA 02744.

3. Defendant **Blue Harvest Fisheries, LLC** is a Massachusetts corporation with its principal place of business in Boston, Massachusetts who, at all times material to this

1

Complaint, employed Plaintiff and owned, operated and/or controlled the vessel *FV Ocean Gold*. Defendant Blue Harvest Fisheries, LLC may be served by and through its Registered Agent Corporation Service Company, 84 State St, Boston, MA 02109.

4.      Defendant **Ocean Gold, Inc.** is a Massachusetts corporation with its principal place of business in New Bedford, Massachusetts who, at all times material to this Complaint, employed Plaintiff and owned, operated, and/or controlled the vessel *FV Ocean Gold*. Defendant Ocean Gold, Inc. may be served by and through its Registered Agent Warren Alexander, 113 Macarthur Drive, New Bedford, MA 02740.

## JURISDICTION

5.      This court has jurisdiction of this action pursuant to the Jones Act, 46 U.S.C. § 30104, as well as the general maritime law of the United States, 28 U.S.C. § 1333. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), because the events giving rise to Caballero's claims occurred in this district and the Defendants reside in Massachusetts.

## **Factual Allegations**

6.      On May 4, 2020, as a result of Defendants' negligence and the unseaworthiness of the vessel, the *FV Ocean Gold*, Caballero suffered severe injuries and damages, including injuries to his left knee and lower back, while within the zone of danger.

7.      At all times pertinent to this Complaint, the vessel on which Caballero was working, the *FV Ocean Gold*, was on navigable waters.

8.      At all times pertinent to this Complaint, the vessel on which Caballero was working, the *FV Ocean Gold*, was owned, operated, and/or controlled by Defendants.

9. At all times pertinent to this Complaint, Caballero was a Jones Act seaman employed by Defendants, was assigned to the Defendants' vessel, was acting in the service of Defendants' vessel, and was acting in furtherance of the mission of this vessel.

10. On or about May 4, 2020, Caballero was working as an employee of Defendants Oceans Fleet Fisheries, Inc., Blue Harvest Fisheries, LLC., and/or Ocean Gold, Inc. onboard Defendants' scalloping vessel, *FV Ocean Gold*, off the coast of New Jersey.  While the vessel was deployed on navigable waters, and while Caballero was contributing to and aiding such vessel to accomplish its mission, Caballero sustained serious injuries.  Specifically, Caballero was seriously injured when he slipped, fell, and injured his knee and other parts of his body.

11. The *FV Ocean Gold* had uneven grating in the area in which Caballero fell and the vessel lacked adequate fall prevention safety measures. The vessel only had a stainless floor which did not provide the protection needed to safely combat the slippery conditions caused by the fishing operations on the vessel. Caballero suffered serious injuries to his knee, back, neck, and other parts of his body as a result of the conditions and wrongful conduct described herein.

## COUNT I: Unseaworthiness of the Vessel

12. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

13. At all times pertinent to this Complaint, Caballero was acting within the course and scope of his employment as a scalloping deckhand and was working in furtherance of the mission for which Defendants' vessel, the *FV Ocean Gold*, was deployed on or about May 4, 2020.

14. As the owners and operators of the *FV Ocean Gold*, Defendants owed Caballero an absolute and non-delegable duty to provide a seaworthy vessel, equipment, and appurtenances including tools, equipment, and crewmembers themselves reasonably fit for their intended use. Defendants breached this duty by virtue of one or more of the following:

   a. The vessel was not properly maintained, inspected, or repaired prior to May 4, 2020, despite awareness of safety deficiencies on the vessel, thereby rendering the vessel dangerous and unfit for its intended purpose;

   b. The vessel lacked adequate safety equipment, including but not limited to, a slip prevention measures on the deck and the walking working surfaces to ensure safe floor conditions, thereby rendering the vessel dangerous and unfit for its intended purpose;

   c. Defendants failed to provide sufficient training to workers on the proper operations of bringing in cages safely, thereby rendering the vessel dangerous and unfit for its intended purpose;

   d. Defendants failed to create or enforce sound operations and management practices necessary to provide its crew with a safe place to work, thereby rendering the vessel dangerous and unfit for its intended purpose.

15. The unseaworthiness of the vessel was within the privity and knowledge of Defendant.

16. Caballero was injured as a direct and proximate result of the vessel's unseaworthiness. Defendants are therefore liable for all damages allowed under the general maritime law of the United States, 28 U.S.C. § 1333, including but not limited to compensatory damages, pecuniary damages, loss of support, past and future earnings, loss of services, loss

of nurture and guidance of dependent children and family, pain and suffering, and all other damages recoverable by law.

17. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

18. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff demands judgment herein in favor of Plaintiff, and against Defendants, both jointly and severally, for all damages as are warranted and interest accrued on such damages since May 4, 2020, and for all costs of these proceedings.

### COUNT II: Negligence of the Defendants

19. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

20. This is an action for negligence under the Jones Act, 46 U.S.C. § 30104 and/or general maritime law.

21. Defendants owed Caballero an absolute duty to act reasonably in the operation and maintenance of the vessel and its appurtenances and to provide a safe working environment. Defendant breached its duties and is negligent, negligent per se, grossly negligent, and/or reckless for reasons including but not limited to the following:

   a. Failing to provide Caballero and his co-workers with a safe place to work that contained proper and adequately safe machinery, crew, and equipment;

   b. Failing to promulgate and enforce reasonable rules and regulations necessary to ensure the safety and well-being of Caballero and his co-workers;

    c. Failing to reasonably inspect, maintain and/or repair the vessel and its equipment;

    d. Failing to properly hire their employees, agents, and/or contractors;

    e. Failing to properly train and/or supervise their employees, agents, and/or contractors;

    f. Failing to exercise due care and caution;

    g. Failing to provide adequate safety equipment;

    h. Placing concerns about money and profits of the business ahead of the safety of the crew and vessel.

22. Defendants are vicariously liable for their employees' and/or agents' acts and/or omissions.

23. The negligent acts causing the loss occurred within the privity and knowledge of Defendants.

24. As a direct and proximate result of Defendants' breach, Caballero was injured. Defendants are therefore liable for all damages recoverable under the Jones Act 46 U.S.C. § 30104 and/or general maritime law, including but not limited to loss of support, past and future earnings, loss of services, physical and mental pain and suffering, punitive damages, and all other damages allowable by law and any other relief deemed proper by this Honorable Court. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

25. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff demands judgment herein in favor of Plaintiff, and against Defendants, both jointly and severally, for all damages as are warranted, and interest accrued on such damages since May 4, 2020, and for all costs of these proceedings.

### COUNT III: Maintenance and Cure

26. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

27. As a result of the above-described injuries suffered by Plaintiff, he is entitled to maintenance at a reasonable daily rate, and cure until he reaches the point of maximum medical improvement.

28. Defendants willfully and wantonly disregarded their obligation to pay Plaintiff maintenance or cure, and they have tendered no such funds to him.

WHEREFORE, Plaintiff demands judgment against Defendants, both jointly and severally, in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interests and costs.

### COUNT IV: Punitive Damages

29. Plaintiff repeats, re-alleges, and incorporates the above paragraphs, as if stated herein and further alleges:

30. Plaintiff is entitled to punitive damages for his claim under general maritime law because Defendants willfully and wantonly disregarded their obligation to pay maintenance and cure, and because Defendants' conduct was grossly negligent, reckless, willful, wanton, arbitrary, and/or capricious.

31. All of the conduct warranting punitive damages was within the knowledge and privity of Defendants.

WHEREFORE, Plaintiff demands judgment herein in favor of Plaintiff, and against Defendants, jointly and severally, awarding punitive damages for their wrongful, willful and wanton actions described herein, together with interests and costs.

### Demand for Jury Trial

32. Plaintiff demands a trial by jury. 46 U.S.C. § 30104. See *Concordia Co. v. Panek*, 115 F.3d 67 (1st Cir. 1997); see also *Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

/s/ Brian Keane
Brian Keane, BBO #656717
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
617-313-2900
bkeane@keanelawgroup.com


Caj D. Boatright – *pro hac vice anticipated*
Joseph F. McGowin – *pro hac vice anticipated*
Roland T. Christensen – *pro hac vice anticipated*
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX  77007
(888) 493-1629