UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:20-cv-11489-LTS

| | |
|---|---|
| YURI Y. CABALLERO, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OCEANS FLEET FISHERIES, INC., | ) |
| BLUE HARVEST FISHERIES, INC., | ) |
| And OCEAN GOLD, INC., | ) |
|     Defendants. | ) |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
BY DEFENDANT, OCEAN GOLD, INC.**

NOW COMES Defendant, Ocean Gold, Inc. (hereinafter, "Ocean Gold"), and answers the Amended Complaint of the Plaintiff, Yuri Y. Caballero (hereinafter, "Plaintiff"), as follows:

**PARTIES**

1. Ocean Gold admits that, as of May 4, 2020, Plaintiff was an employee (as defined under the Jones Act) of Ocean Gold as a seaman and member of the crew of the F/V OCEAN GOLD (hereinafter, "the Vessel" of "F/V OCEAN GOLD"), a commercial fishing vessel owned by Ocean Gold. Ocean Gold lacks sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 1 of the Plaintiff's Amended Complaint.

2. The allegations contained in paragraph 2 of Plaintiff's Amended Complaint appear to pertain to an entity other than Ocean Gold. Therefore, Ocean Gold lacks sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 2 of the Plaintiff's Amended Complaint. To the extent paragraph 2 of Plaintiff's Amended Complaint contains any allegations against Ocean Gold, those allegations are expressly denied.

1

3. The allegations contained in paragraph 3 of Plaintiff's Amended Complaint appear to pertain to an entity other than Ocean Gold. Therefore, Ocean Gold lacks sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 3 of the Plaintiff's Amended Complaint. To the extent paragraph 3 of Plaintiff's Amended Complaint contains any allegations against Ocean Gold, those allegations are expressly denied.

4. Ocean Gold admits that it is a Massachusetts corporation which, as of May 4, 2020, owned the F/V OCEAN GOLD. Ocean Gold denies the remaining averments contained in paragraph 4 of Plaintiff's Amended Complaint.

**JURISDICTION**

5. Paragraph 5 of Plaintiff's Amended Complaint contains a statement of law to which no response is required. To the extent paragraph 5 of Plaintiff's Amended Complaint contains any allegations against Ocean Gold or a response is otherwise required, Ocean Gold denies the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

**FACTUAL ALLEGATIONS**

6. Ocean Gold denies the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Ocean Gold admits that, on or about May 4, 2020, Plaintiff was serving as a member of the crew of the F/V OCEAN GOLD on navigable waters.

8. Ocean Gold admits that, on or about May 4, 2020, the F/V OCEAN GOLD was owned by Ocean Gold and was not chartered to any other person or entity. Ocean Gold denies the remaining allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Ocean Gold admits that, on or about May 4, 2020, Plaintiff was a Jones Act seaman employed by Ocean Gold as a member of the crew of the F/V OCEAN GOLD. Ocean

Gold denies the remaining allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Ocean Gold lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 10 of the Plaintiff's Amended Complaint. Therefore, those allegations are denied at this time.

11. Ocean Gold denies the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

## COUNT I: Unseaworthiness of the Vessel

12. Ocean Gold repeats its responses in the foregoing paragraphs as if fully restated herein.

13. Ocean Gold lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 13 of the Plaintiff's Amended Complaint. Therefore, those allegations are denied at this time.

14. Ocean Gold admits that it owed a duty to provide a seaworthy vessel, equipment, and appurtenances including tools, equipment and crewmembers themselves reasonably fit for their intended uses, which it did. Ocean Gold denies the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, including all subparts thereto.

15. Ocean Gold denies the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Ocean Gold denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Ocean Gold denies the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18. Paragraph 18 of Plaintiff's Amended Complaint contains a statement of law to which no response is required. To the extent paragraph 18 of Plaintiff's Amended Complaint contains any allegations against Ocean Gold or a response is otherwise required, Ocean Gold denies the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

WHEREFORE Ocean Gold respectfully requests that this Honorable Court enter judgment in Ocean Gold's favor and dismiss Plaintiff's Amended Complaint with prejudice, award Ocean Gold its attorney's fees and costs, and grant such additional relief as law and equity may require.

## COUNT II: Negligence of the Defendants

19. Ocean Gold repeats its responses in the foregoing paragraphs as if fully restated herein.

20. Paragraph 20 of Plaintiff's Amended Complaint contains a statement of law to which no response is required. To the extent paragraph 20 of Plaintiff's Amended Complaint contains any allegations against Ocean Gold or a response is otherwise required, Ocean Gold denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Ocean Gold admits that it owed a duty to use reasonable care in the operation and maintenance of the Vessel and its appurtenances and to provide a reasonably safe place for Plaintiff to work. Ocean Gold denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, including all subparts thereto.

22. Ocean Gold denies the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23. Ocean Gold denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. Ocean Gold denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Paragraph 25 of Plaintiff's Amended Complaint contains a statement of law to which no response is required.  To the extent paragraph 25 of Plaintiff's Amended Complaint contains any allegations against Ocean Gold or a response is otherwise required, Ocean Gold denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

WHEREFORE Ocean Gold respectfully requests that this Honorable Court enter judgment in Ocean Gold's favor and dismiss Plaintiff's Complaint with prejudice, award Ocean Gold its attorney's fees and costs, and grant such additional relief as law and equity may require.

## COUNT III: Maintenance and Cure

26. Ocean Gold repeats its responses in the foregoing paragraphs as if fully restated herein.

27. Ocean Gold lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 27 of the Plaintiff's Amended Complaint.  Therefore, those allegations are denied at this time.

28. Ocean Gold denies the allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

WHEREFORE Ocean Gold respectfully requests that this Honorable Court enter judgment in Ocean Gold's favor and dismiss Plaintiff's Complaint with prejudice, award Ocean Gold its attorney's fees and costs, and grant such additional relief as law and equity may require.

## COUNT IV: Punitive Damages

29. Ocean Gold repeats its responses in the foregoing paragraphs as if fully restated herein.

30. Ocean Gold denies the allegations contained in paragraph 30 of Plaintiff's Amended Complaint.

31. Ocean Gold denies the allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

WHEREFORE Ocean Gold respectfully requests that this Honorable Court enter judgment in Ocean Gold's favor and dismiss Plaintiff's Complaint with prejudice, award Ocean Gold its attorney's fees and costs, and grant such additional relief as law and equity may require.

## DEMAND FOR JURY TRIAL

32. Paragraph 32 of Plaintiff's Amended Complaint contains a statement of law to which no response is required. Ocean Gold also requests trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

By way of affirmative defense, Ocean Gold states that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

By way of affirmative defense, Ocean Gold states that, to the extent Plaintiff seeks recovery of punitive damages for Ocean Gold's alleged negligence and/or the alleged unseaworthiness of the F/V OCEAN GOLD, such recovery is expressly precluded pursuant to the Supreme Court's recent holding in Dura Grp. v. Batterton, __ U.S. __, 139 S. Ct. 2275 (2019).

**THIRD DEFENSE**

By way of affirmative defense, Ocean Gold states that its liability, if any, is limited pursuant to the provisions of the Limitation of Liability Act, 46 U.S.C. §§30505, et seq. (formerly 46 U.S.C. §183).

**FOURTH DEFENSE**

By way of affirmative defense, Ocean Gold states that the incident alleged in the Complaint, and the damages Plaintiff alleges he sustained as a result of the incident, were due to the negligence or other wrongful acts of omissions of persons or entities other than the Ocean Gold; however, in the unlikely event that a finding is made that negligence exists on the part of the Ocean Gold, which proximately contributed to the damages alleged in the Complaint, the Ocean Gold's liability, if any, which is expressly denied, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which the Plaintiff seeks recovery.

**FIFTH DEFENSE**

By way of affirmative defense, Ocean Gold states that the incident alleged in Plaintiff's Amended Complaint, and the damages the Plaintiff alleges he sustained as a result of the incident were due to the negligence or other wrongful acts or omissions of persons or entities other than the Ocean Gold; however, in the event that a finding is made that liability exists on the part of the Ocean Gold, which is herein expressly denied, the Ocean Gold is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective faults.

## SIXTH DEFENSE

By way of affirmative defense, Ocean Gold states that the incident alleged in Plaintiff's Amended Complaint, and the damages the Plaintiff alleges were sustained as a result of the incident, were caused by intervening and superseding causes and were not caused by the Ocean Gold.

## SEVENTH DEFENSE

By way of affirmative defense, Ocean Gold states that the incident alleged in Plaintiff's Amended Complaint, and the damages the Plaintiff alleges he sustained, were not proximately caused by an act or omission on the part of the Ocean Gold.

## EIGHTH DEFENSE

By way of affirmative defense, Ocean Gold states that the Plaintiff has failed to perform all required conditions precedent to bringing suit.

## NINETH DEFENSE

By way of affirmative defense, Ocean Gold states that the Plaintiff's Amended Complaint should be dismissed for the failure to join a party under Rule 19.

## TENTH DEFENSE

By way of affirmative defense, Ocean Gold states that the Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or the equitable doctrines of laches and estoppel.

## ELEVENTH DEFENSE

By way of affirmative defense, Ocean Gold states that the Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction, waiver, consent, estoppel, release and/or assumption of the risk.

### TWELFTH DEFENSE

By way of affirmative defense, Ocean Gold states that if the Plaintiff suffered damages as alleged, which is specifically denied, said damages resulted in whole or in part from the Plaintiff's own negligence and failure to exercise the appropriate degree of care and skill required under the circumstances, and not due to any negligence or fault on the part of Ocean Gold or any persons for whom the Ocean Gold is responsible, and the damages should be reduced to the extent that any of the damages are attributable to the negligence of the Plaintiff or that of his agents, servants, or employees.

### THIRTEENTH DEFENSE

By way of affirmative defense, Ocean Gold states that if the Plaintiff's suffered damages, as alleged, such damages were caused by someone for whose conduct the Ocean Gold were not and are not legally responsible.

### FOURTEENTH DEFENSE

By way of affirmative defense, Ocean Gold states that the Plaintiff has failed to mitigate his damages.

### FIFTEENTH DEFENSE

By way of affirmative defense, Ocean Gold claims all defenses available under state and federal law, statutes and regulations.

### SIXTEENTH DEFENSE

By way of affirmative defense, Ocean Gold states that the forgoing affirmative defenses are raised by the Ocean Gold without waiver of any other defenses that may come to light during the discovery proceedings in this care or otherwise.  The Ocean Gold hereby reserves the right to amend or supplement its Answer to assert any other related defenses as they become available.

**SEVENTEENTH DEFENSE**

By way of affirmative defense, the Ocean Gold hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend its answer and to assert any such defenses as appropriate.

**EIGHTEENTH DEFENSE**

By way of affirmative defense, the Ocean Gold states that the Plaintiff's injuries were caused by the willful misconduct of the Plaintiff which the Ocean Gold is not responsible.

**NINETEENTH DEFENSE**

By way of affirmative defense, Ocean Gold states that if Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Ocean Gold was not and is not legally responsible

Respectfully submitted,
**Ocean Gold, Inc.,**
By its attorneys,

**REGAN & KIELY LLP**

/s/ Francis G. McSweeney
Joseph A. Regan, Esquire (BBO #543504)
Francis G. McSweeney, Esquire (BBO #682922)
40 Willard Street, Suite 304
Quincy, MA  02169
(617)723-0901
(617)723-0977 *facsimile*
jar@regankiely.com

Dated: December 4, 2020          fgm@regankiely.com

**CERTIFICATE OF SERVICE**

    I hereby certify that foregoing document filed through the ECF system, will be sent electronically to all registered participants as identified on the Notice of Electric Filing, and paper copies will be sent to those indicated as non-registered participants, on December 4, 2020.

                                            /s/ Francis G. McSweeney