UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:20-cv-11489-LTS

| | |
|---|---|
| YURI Y. CABALLERO, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OCEANS FLEET FISHERIES, INC., | ) |
| BLUE HARVEST FISHERIES, INC., | ) |
| And OCEAN GOLD, INC., | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
MOTION BY DEFENDANT, OCEAN GOLD, INC.,
TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES**

In support of the foregoing Motion by Defendant, Ocean Gold, Inc., to Compel Plaintiff's Discovery Responses and in accordance with Rule 7.1(b)(1) and 37.1(b) of the Local Rules, Ocean Gold, Inc. (hereinafter, "Defendant") respectfully submits the following memorandum.

As further set forth in the accompanying memorandum, Plaintiff' has failed and refused to respond to Defendant's discovery requests and his time to do so has long since passed.

**I.      BACKGROUND**

1.      Plaintiff, Yuri Y. Caballero ("Plaintiff"), commenced this action under the Jones and general maritime law on August 7, 2020, alleging that "On May 4, 2020, as a result of Defendants' negligence and the unseaworthiness of the vessel, the *FV Ocean Gold*, [Plaintiff] suffered severe injuries and damages, including injuries to his left knee and lower back, while within the zone of danger." See Complaint, ECF No. 1, para. 6.

2.      On December 14, 2020, the parties submitted a Joint Statement re Scheduling Conference which was adopt as an order of this Honorable Court. See ECF Nos. 11, 12.  Under

the Scheduling Order, initial disclosures were due by January 15, 2020, and all of fact discovery was to be complete by September 30, 2021. See ECF No. 12.

3. Defendant served its initial disclosures, including fifty-three pages of documents, on December 15, 2020. However, as of this date, Plaintiff has failed to make his disclosures under Rule 26(a)(1) of the Federal Rules of Evidence.

4. On December 15, 2020, Defendant served First Set of Interrogatories To Plaintiff, Yuri Y. Caballero, by Defendant, Ocean Gold, Inc. (" Defendant's Interrogatories") upon Plaintiff pursuant to Fed. R. Civ. P. 33. See Exhibit 1.

5. Also on December 15, 2020, Defendant served First Request for Production from Defendant, Ocean Gold, Inc., to Plaintiff, Yuri Y. Caballero ("Defendant's Requests for Production") upon Plaintiff in accordance with Fed. R. Civ. P. 34. See Exhibit 2.

6. Plaintiff failed to produce his Rule 26(a)(1) disclosures by January 15, 2020. In fact, as of this date, Plaintiff still has not provided initial disclosures.

7. Plaintiff failed to respond to Defendant's Interrogatories or Requests for Production within the time specified under the Rules and never sought Defendant's assent to an extension.

8. By email dated May 12, 2021, Counsel for the Defendant attempted to initiate a discovery conference in accordance with L.R. 37.1. See Exhibit 3.

9. On Thursday, May 13, 2021, counsel for the parties held a telephone conference in accordance with Local Rules 7.1 and 37.1. During the conference, defense counsel assented to Plaintiff's counsel's request for an additional two weeks to provide answers to Defendant's Interrogatories and responses to Defendant's Requests for Production.

10. However, as of this date, Plaintiff has failed to provide answers to the Interrogatories or responses to the Requests for Production.

11. Defendant respectfully requests that this Honorable Court enter an order compelling Plaintiff to provide answers to Defendant's Interrogatories and responses to Defendant's requests for production, without objections, within fourteen days.

## II. LEGAL FRAMEWORK

Absent an order of the court or stipulation to the contrary, the Federal Rules of Civil Procedure are unequivocal that answers and any objections to interrogatories must be served within thirty days after service of the interrogatories. Fed. R. Civ. P. 33(b)(2). The Rules are equally clear that responses to requests for production of documents, electronically stored information, and tangible things, or entering onto land, for inspection and other purposes must also be served within thirty days. Fed. R. Civ. P. 34(b)(2)(A).

An order compelling discovery responses is called for where "... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

## III. ARGUMENT

An order compelling Plaintiff to respond to Defendant's Interrogatories and Requests for Production is plainly appropriate here. Defendant properly served reasonable discovery requests upon the Plaintiff on December 15, 2020. Without seeking any order of the Court or agreement of the Defendant, Plaintiff failed to respond in the time set forth under the Rules. Counsel for the Defendant has been required to initiate discovery conferences on multiple occasions. Each time, Plaintiff has promised to promptly respond to Defendant's discovery requests. After more than seven months, however, Plaintiff has failed to follow through.

Pursuant to the Court's Scheduling Order, the discovery deadline in this action is September 30, 2021. Plaintiff's failure to respond to the Defendant's discovery requests severely jeopardizes Defendant's ability to complete discovery within the period set by the Court. This is particularly true if, as Defendant expects, Plaintiff's responses raise questions that must be answered by non-parties such as former crewmembers or Plaintiff's treatment providers. Unlike Plaintiff's unexcused failure to respond, delays in such third-party discovery are far more difficult to anticipate and manage. This is particularly true here where Plaintiff is a resident of Houston, Texas and his treatment providers are not likely to be subject to the subpoena power of this Honorable Court. See ECF No. 1, para. 1.

## IV. CONCLUSION

WHEREFORE, the Defendant, Ocean Gold, Inc., respectfully requests that this Honorable Court enter an order compelling Plaintiff to provide answers to Defendant's Interrogatories and responses to Defendant's Requests for Production, without objections, within fourteen days.

> For the Defendant,
> **Ocean Gold, Inc.,**
> By its attorneys,
>
> **REGAN & KIELY LLP**
>
> /s/ Francis G. McSweeney
> Joseph A. Regan, Esq. (BBO #543504)
> Francis G. McSweeney, Esq. (BBO #682922)
> 40 Willard Street, Suite 304
> Quincy, MA  02169
> (617) 723-0901
> (617) 723-0977 – Facsimile
> jar@regankiely.com
> fgm@regankiely.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on 7 July 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record in the above captioned matter.

                                               /s/ Francis G. McSweeney  
                                               Francis G. McSweeney